IN RE: ARKANSAS CODE of JUDICIAL CONDUCT, CANON 5

Supreme Court of Arkansas
Delivered December 20, 2001

PER CURIAM. On October 11, 2001, we published for comment the Judicial Discipline and Disability Commission's

proposed amendments to Canon 5 of the Code of Judicial Conduct. The Commission made its recommendation in a petition filed on October 1, 2001 in response to the passage of Amendment 80 to the Arkansas Constitution. This constitutional amendment, which makes judicial elections nonpartisan, necessitated modifications to Canon 5.

Numerous comments were received, and the Court has deliberated over the Commission's proposal and the comments. We thank the Commission for its work and all who took the time to review the proposal and submit comments. In light of the comments and the Court's own concerns, we have not adopted all of the Commission's recommendations but have revised Canon 5 as set out below.

In addition to Canon 5, we are also amending the Application Section and the Terminology Section of the Code. We adopt, effective this date, all of these amendments and republish these provisions of the Code of Judicial Conduct.

First, we are publishing a "line-in, line-out" version to illustrate the changes, then a clean version of the amended provisions of the Code is republished.

GLAZE, J., not participating.

**Terminology.**

. . . .

"Political organization" denotes a ~~political party or other~~ group, other than a political party, ~~the principal~~ a purpose of which is to participate in the political process ~~further the election or appointment of candidates to political office~~. ~~See Sections 5A(1), 5B(2) and 5C(1).~~

"Political party" has the same meaning as provided in Ark. Code Ann. § 7-1-101 (16)(A), that is, "any group of voters which at the last-preceding general election polled for its candidate for Governor in the state or nominees for presidential electors at least three percent (3%) of the entire vote cast for the office." In the case of a newly organized political party, the term "political party" shall mean a party that satisfies the requirements contained in Ark. Code Ann. § 7-3-108(b).

. . . .

## CANON 5

## A JUDGE OR JUDICIAL CANDIDATE SHALL REFRAIN FROM INAPPROPRIATE POLITICAL ACTIVITY.

*A. All Judges and Candidates.*

(1) Except as authorized in Sections 5B(2), 5C(1) and 5C(3), a judge or a candidate for election or appointment to judicial office shall not:

(a) act as a leader or hold an office in a political organization or a political party;

(b) publicly endorse or publicly oppose another candidate for public office;

(c) make speeches on behalf of a political organization or a political party;

(d) attend political gatherings; or directly or indirectly seek or use endorsements from a political party;

(e) solicit funds for, pay an assessment to or make a contribution to a political organization party or candidate; or purchase tickets for political party dinners or other functions;

(f) publicly identify his or her current political party affiliation or lend one's name to a political party.

### Commentary:

A judge or candidate for judicial office retains the right to participate in the political process as a voter. As an individual, a judge is entitled to his or her personal view on political questions and to rights and opinions as a citizen. However, as a member of Arkansas non-partisan judiciary, a judge and judicial candidate must avoid any conduct which associates him or her with a political party.

As Arkansas maintains a partisan primary election process, this provision ensures that a judge or candidate may ask for a ballot in a party's primary or declare a party affiliation for voting purposes without violating ethical standards.

Where false information concerning a judicial candidate is made public, a judge or another judicial candidate having knowledge of the facts is not prohibited by Section 5A(1) from making the facts public.

Section 5A(1)(a) does not prohibit a candidate for elective judicial office from retaining during candidacy a public office such as county prosecutor, which is not "an office in a political organization or a political party."

Section 5A(1)(b) does not prohibit a judge or judicial candidate from privately expressing his or her views on judicial candidates or other candidates for public office. Former judges and retired judges are encouraged to not publicly endorse or publicly oppose a candidate for any public office with the use of their former title.

A candidate does not publicly endorse another candidate for public office by having that judicial candidate's name on the same ticket ballot of a political party primary in the section of the ballot designated as a nonpartisan judicial candidate.

Restricting candidates for judicial office from publicly identifying their affiliation in a political party and seeking or using a political party endorsement is necessary for an independent and impartial judiciary and in preserving public confidence in that independence and impartiality.

Judicial elections are nonpartisan and show that judges are impartial and independent. Such elections and those seeking judicial office should do nothing which would create the appearance of any lack of impartiality or independence on the part of the candidate and the Arkansas Judiciary.

(2) A judge shall resign from judicial office upon becoming a candidate for a non-judicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law to do so.

(3) A candidate for a judicial office:

(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of

the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;

## Commentary:

Although a judicial candidate must encourage members of his or her family to adhere to the same standards of political conduct in support of the candidate that apply to the candidate, family members are free to participate in other political activity.

(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under the Sections of the Canon;

(c) except to the extent permitted by Section 5C(2), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;

(d) shall not:

(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;

(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; or

(iii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;

## Commentary:

Section 5A(3)(d) prohibits a candidate for judicial office from making statements that appear to commit the candidate regarding cases, controversies or issues likely to come before the court. As a corollary, a candidate should emphasize in any public statement the candidate's duty to uphold the law regardless of his or her personal views. See also Section 3B(9), the general rule on public comment by judges. Section 5A(3)(d) does not prohibit a candidate from making pledges or promises respecting improvements in court administration. Nor does this Section prohibit an incumbent judge from making private statements to other judges or court personnel in the performance of judicial duties. This Section applies to any statement made in the process of securing judicial office, such as statements to commissions charged with judicial selection and tenure and legislative bodies confirming appointment. See also Rule 8.2 of the Arkansas Rules of Professional Conduct.

> (e) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate Section 5A(3)(d).

*B. Candidates Seeking Appointment to Judicial or Other Governmental Office.*

(1) A candidate for appointment to judicial office or a judge seeking other governmental office shall not solicit or accept funds, personally or through a committee or otherwise, to support his or her candidacy.

(2) A candidate for appointment to judicial office or a judge seeking other governmental office shall not engage in any political activity to secure the appointment except that:

> (a) such persons may:

>> (i) communicate with the appointing authority, including any selection or nominating commission or other agency designated to screen candidates;

>> (ii) seek support or endorsement for the appointment from organizations that regularly make recommendations for reappointment or appointment to the office, and from individuals to the extent requested or required by those specified in Section 5B(2)(a); and

(iii) provide to those specified in Sections 5B(2)(a)(i) and 5B(2)(a)(ii) information as to his or her qualifications for the office;

(b) a non-judge candidate for appointment to judicial office may, in addition, unless otherwise prohibited by law;

(i) retain an office in a political organization or a political party,

(ii) attend ~~political~~ gatherings of political organizations and political parties, and

(iii) continue to pay ordinary assessments and ordinary contributions to a political organization or a political party or candidate and purchase tickets for political party dinners or other functions.

**Commentary:**

Section 5B(2) provides a limited exception to the restrictions imposed by Sections 5A(1) and 5D. Under Section 5B(2), candidates seeking reappointment to the same judicial office or appointment to another judicial office or other governmental office may apply for the appointment and seek appropriate support.

Although under Section 5B(2) non-judge candidates seeking appointment to judicial office are permitted during candidacy to retain office in a political organization or a political party, attend ~~political~~ gatherings of political parties and political organizations and pay ordinary dues and assessments, they remain subject to other provisions of this Code during candidacy. See Sections 5A (1), 5B(1), 5B(2)(a), 5E and Application Section.

*C. Judges and Candidates Subject to Public Election.*

(1) A judge, or a candidate subject to public election may, except as prohibited by law:

(a) at any time

(i) purchase tickets for and attend ~~political~~ gatherings of a political organization or a political party;

(ii) contribute to a political organization;

(iii) privately identify himself or herself as affiliated with a political party.

(b) when a candidate for election

(i) speak to gatherings on his or her own behalf and may speak at gatherings of political organizations or political parties where all opposing judicial candidates for the same office are invited have the opportunity to speak at the same gathering;

(ii) appear in newspaper, television and other media advertisements supporting his or her candidacy; and

(iii) distribute pamphlets and other promotional campaign literature supporting his or her candidacy.

## Commentary:

Section 5C(1)(b)(iii) allows a judicial candidate to ask an individual to place a sign supporting the candidate in his or her yard.

Section 5C(1) permits judges subject to election at any time to be involved in limited political activity. Section 5D, applicable solely to incumbent judges, would otherwise bar this activity.

(2) A candidate shall not personally solicit or accept campaign contributions. or personally solicit publicly stated support. A candidate may, however, establish committees of responsible persons to conduct campaigns for the candidate through media advertisements, brochures, mailings, candidate forums and other means not prohibited by law. Such committees may solicit and accept reasonable campaign contributions, manage the expenditure of funds for the candidate's campaign and obtain public statements of support other than from political organizations parties for his or her candidacy. Such committees are not prohibited from soliciting and accepting reasonable campaign contributions and public support from lawyers.

A candidate's committee may solicit contributions and public support for the candidate's campaign no earlier than 180 days before a primary an election and no later than 45 days after the last contested election in which the candidate participates during the election year. Funds received prior to the 180 day limitation or after the 45 day limitation shall be returned to the contributor. If funds are received personally by a judicial candidate, the candidate shall promptly turn them over to the campaign committee. A candidate

shall not use or permit the use of campaign contributions for the private benefit of the candidate or others. Any campaign fund surplus shall be returned to the contributors or turned over to the State Treasurer as provided by law.

**Commentary:**

Section 5C(2) permits a candidate, other than a candidate for appointment, to establish campaign committees to solicit and accept public support and reasonable financial contributions. At the start of the campaign, the candidate must instruct his or her campaign committees to solicit or accept only contributions that are *permitted by law and* reasonable under the circumstances. Though not prohibited, campaign contributions of which a judge has knowledge, made by lawyers or others who appear before the judge, may be relevant to disqualification under Section 3E.

Campaign committees established under Section 5C(2) should manage campaign finances responsibly, avoiding deficits that might necessitate post-election fund-raising, to the extent possible.

Section 5C(2) does not prohibit a candidate from initiating an evaluation by a judicial selection commission or bar association, or, subject to the requirements of this Code, from responding to a request for information from any organization.

(3) ~~Except as prohibited by law, a candidate for judicial office in a public election may permit the candidate's name: (a) to be listed on election materials along with the names of other candidates for elective public office, and (b) to appear in promotions of the ticket.~~

(3) A candidate for judicial office in a public election may not directly or indirectly solicit or promote the candidate's name to appear in promotions on a political party's ticket or materials paid for by a political party. Except as prohibited by law, a candidate's name, picture or other identifying information may be listed in election material sponsored by a political organization.

**Commentary:**

Election material published by a political organization, such as the League of Women Voters or a bar association, is unobjectionable.

Section 5C(3) provides a limited exception to the restrictions imposed by Section 5A(1).

*D. Incumbent Judges.* A judge shall not engage in any political activity except (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law, the legal system or the administration of justice, or (iii) as expressly authorized by law.

**Commentary:**

Neither Section 5D nor any other section of the Code prohibits a judge in the exercise of administrative functions from engaging in planning and other official activities with members of the executive and legislative branches of government. With respect to a judge's activity on behalf of measures to improve the law, the legal system and the administration of justice, see Commentary to Section 4B and Section 4C(1) and its Commentary.

*E. Applicability.* Canon 5 generally applies to all incumbent judges and judicial candidates. A successful candidate, whether or not an incumbent, is subject to judicial discipline for his or her campaign conduct; an unsuccessful candidate who is a lawyer is subject to lawyer discipline for his or her campaign conduct. A lawyer who is a candidate for judicial office is subject to Rule 8.2(b) of the Arkansas Rules of Professional Conduct.

## APPLICATION OF THE CODE OF JUDICIAL CONDUCT

A. Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including an officer such as a magistrate, court commissioner, special master or referee, is a judge within the meaning of this Code. All judges shall comply with this Code except as provided below.

**Commentary:**

The three categories of judicial service in other than a full-time capacity are necessarily defined in general terms because of the widely varying forms of judicial service. For the purposes of this Section, as long as a retired judge is subject to recall the judge is considered to "perform judicial functions." The determination of which category and, accordingly, which specific Code provisions apply to an individual judicial officer, depend upon the facts of the particular judicial service.

*B. Continuing Part-time Judge. A continuing part-time judge:*

(1) is not required to comply:

(a) except while serving as a judge, with Section 3B(9); and

(b) at any time with Sections 4C(2), 4D(3), 4E(1), 4F, 4G, and 4H. 5A(1), 5B(2) and 5D.

(2) shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

**Commentary:**

When a person who has been a continuing part-time judge is no longer a continuing part-time judge, including a retired judge no longer subject to recall, that person may act as a lawyer in a proceeding in which he or she has served as a judge or in any other proceeding related thereto only with the express consent of all parties pursuant to Rule 1.12(a) of the Arkansas Rules of Professional Conduct.

*C. Pro Tempore Part-time Judge or Periodic Part-time Judge.*

A pro tempore part-time judge or periodic part-time judge:

(1) is not required to comply:

(a) except while serving as a judge, with Sections 2A, 2B, 3B(9) and 4C(1);

(b) at any time with Sections 2C, 4C(2), 4C(3)(a), 4C(3)(b), 4D(1)(b), 4D(3), 4D(4), 4D(5), 4E, 4F, 4G, 4H, 5A(1), 5A(2), 5B(2) and 5D.

(2) A person who has been a pro tempore part-time judge or periodic part-time judge shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto except as otherwise permitted by Rule 1.12(a) of the Arkansas Rules of Professional Conduct.

**Commentary:**

A full time governmental official who has judicial powers which are exercised infrequently, such as a county judge, is a pro tempore part-time judge.

*D. Time for Compliance.* A person to whom this Code becomes applicable shall comply immediately with all provisions of this Code except Sections 4D(2), 4D(3) and 4E and shall comply with these Sections as soon as reasonably possible and shall do so in any event within the period of one year.

**Commentary:**

If serving as a fiduciary when selected as judge, a new judge may, notwithstanding the prohibitions in Section 4E, continue to serve as fiduciary but only for that period of time necessary to avoid serious adverse consequences to the beneficiary of the fiduciary relationship and in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Section 4D(3), continue in that activity for a reasonable period but in no event longer than one year.

## ARKANSAS CODE OF JUDICIAL CONDUCT

**Terminology.**

. . . .

"Political organization" denotes a group, other than a political party, a purpose of which is to participate in the political process.

"Political party" has the same meaning as provided in Ark. Code Ann. § 7-1-101 (16)(A), that is, "any group of voters which at the last-preceding general election polled for its candidate for Governor in the state or nominees for presidential electors at least three percent (3%) of the entire vote cast for the office." In the case of a newly organized political party, the term "political party" shall mean a party that satisfies the requirements contained in Ark. Code Ann. § 7-3-108 (b).

. . . .

# CANON 5

## A JUDGE OR JUDICIAL CANDIDATE SHALL REFRAIN FROM INAPPROPRIATE POLITICAL ACTIVITY.

*A. All Judges and Candidates.*

(1) Except as authorized in Sections 5B(2), 5C(1) and 5C(3), a judge or a candidate for election or appointment to judicial office shall not:

(a) act as a leader or hold an office in a political organization or a political party;

(b) publicly endorse or publicly oppose another candidate for public office;

(c) make speeches on behalf of a political organization or a political party;

(d) directly or indirectly seek or use endorsements from a political party;

(e) solicit funds for, pay an assessment to or make a contribution to a political party or candidate; or

(f) publicly identify his or her current political party affiliation or lend one's name to a political party.

## Commentary:

A judge or candidate for judicial office retains the right to participate in the political process as a voter. As an individual, a judge is entitled to his or her personal view on political questions and to rights and opinions as a citizen. However, as a member of Arkansas non-partisan judiciary, a judge and judicial candidate must avoid any conduct which associates him or her with a political party.

As Arkansas maintains a partisan primary election process, this provision ensures that a judge or candidate may ask for a ballot in a party's primary or declare a party affiliation for voting purposes without violating ethical standards.

Where false information concerning a judicial candidate is made public, a judge or another judicial candidate having knowledge of the facts is not prohibited by Section 5A(1) from making the facts public.

Section 5A(1)(a) does not prohibit a candidate for elective judicial office from retaining during candidacy a public office such as county prosecutor, which is not "an office in a political organization or a political party."

Section 5A(1)(b) does not prohibit a judge or judicial candidate from privately expressing his or her views on judicial candidates or other candidates for public office. Former judges and retired judges are encouraged to not publicly endorse or publicly oppose a candidate for any public office with the use of their former title.

A candidate does not publicly endorse another candidate for public office by having that judicial candidate's name on the same ballot of a political party primary in the section of the ballot designated as a nonpartisan judicial candidate.

Restricting candidates for judicial office from publicly identifying their affiliation in a political party and seeking or using a political party endorsement is necessary for an independent and impartial judiciary and in preserving public confidence in that independence and impartiality.

Judicial elections are nonpartisan and show that judges are impartial and independent. Such elections and those seeking judicial office should do nothing which would create the appearance of any lack of impartiality or independence on the part of the candidate and the Arkansas Judiciary.

(2) A judge shall resign from judicial office upon becoming a candidate for a non-judicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law to do so.

(3) A candidate for a judicial office:

(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of

the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;

## Commentary:

Although a judicial candidate must encourage members of his or her family to adhere to the same standards of political conduct in support of the candidate that apply to the candidate, family members are free to participate in other political activity.

(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control from doing on the candidate's behalf what the candidate is prohibited from doing under the Sections of the Canon;

(c) except to the extent permitted by Section 5C(2), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;

(d) shall not:

(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;

(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; or

(iii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;

## Commentary:

Section 5A(3)(d) prohibits a candidate for judicial office from making statements that appear to commit the candidate regarding cases, controversies or issues likely to come before the court. As a corollary, a candidate should emphasize in any public statement the candidate's duty to uphold the law regardless of his or her personal views. See also Section 3B(9), the general rule on public comment by judges. Section 5A(3)(d) does not prohibit a candidate from making pledges or promises respecting improvements in court

administration. Nor does this Section prohibit an incumbent judge from making private statements to other judges or court personnel in the performance of judicial duties. This Section applies to any statement made in the process of securing judicial office, such as statements to commissions charged with judicial selection and tenure and legislative bodies confirming appointment. See also Rule 8.2 of the Arkansas Rules of Professional Conduct.

> (e) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate Section 5A(3)(d).

*B. Candidates Seeking Appointment to Judicial or Other Governmental Office.*

(1) A candidate for appointment to judicial office or a judge seeking other governmental office shall not solicit or accept funds, personally or through a committee or otherwise, to support his or her candidacy.

(2) A candidate for appointment to judicial office or a judge seeking other governmental office shall not engage in any political activity to secure the appointment except that:

> (a) such persons may:

>> (i) communicate with the appointing authority, including any selection or nominating commission or other agency designated to screen candidates;

>> (ii) seek support or endorsement for the appointment from organizations that regularly make recommendations for reappointment or appointment to the office, and from individuals to the extent requested or required by those specified in Section 5B(2)(a); and

>> (iii) provide to those specified in Sections 5B(2)(a)(i) and 5B(2)(a)(ii) information as to his or her qualifications for the office;

> (b) a non-judge candidate for appointment to judicial office may, in addition, unless otherwise prohibited by law;

>> (i) retain an office in a political organization or a political party,

(ii) attend gatherings of political organizations and political parties, and

(iii) continue to pay ordinary assessments and ordinary contributions to a political organization or a political party or candidate and purchase tickets for political party dinners or other functions.

## Commentary:

Section 5B(2) provides a limited exception to the restrictions imposed by Sections 5A(1) and 5D. Under Section 5B(2), candidates seeking reappointment to the same judicial office or appointment to another judicial office or other governmental office may apply for the appointment and seek appropriate support.

Although under Section 5B(2) non-judge candidates seeking appointment to judicial office are permitted during candidacy to retain office in a political organization or a political party, attend gatherings of political parties and political organizations and pay ordinary dues and assessments, they remain subject to other provisions of this Code during candidacy. See Sections 5A(1), 5B(1), 5B(2)(a), 5E and Application Section.

*C. Judges and Candidates Subject to Public Election.*

(1) A judge, or a candidate subject to public election may, except as prohibited by law:

(a) at any time

(i) purchase tickets for and attend gatherings of a political organization or a political party;

(ii) contribute to a political organization;

(iii) privately identify himself or herself as affiliated with a political party.

(b) when a candidate for election

(i) speak to gatherings on his or her own behalf and may speak at gatherings of political organizations or political parties where all opposing judicial candidates for the same office have the opportunity to speak;

(ii) appear in newspaper, television and other media advertisements supporting his or her candidacy; and

(iii) distribute pamphlets and other promotional campaign literature supporting his or her candidacy.

## Commentary:

Section 5C(1)(b)(iii) allows a judicial candidate to ask an individual to place a sign supporting the candidate in his or her yard.

(2) A candidate shall not personally solicit or accept campaign contributions. A candidate may, however, establish committees of responsible persons to conduct campaigns for the candidate through media advertisements, brochures, mailings, candidate forums and other means not prohibited by law. Such committees may solicit and accept reasonable campaign contributions, manage the expenditure of funds for the candidate's campaign and obtain public statements of support other than from political parties for his or her candidacy. Such committees are not prohibited from soliciting and accepting reasonable campaign contributions and public support from lawyers.

A candidate's committee may solicit contributions and public support for the candidate's campaign no earlier than 180 days before an election and no later than 45 days after the last contested election in which the candidate participates during the election year. Funds received prior to the 180 day limitation or after the 45 day limitation shall be returned to the contributor. If funds are received personally by a judicial candidate, the candidate shall promptly turn them over to the campaign committee. A candidate shall not use or permit the use of campaign contributions for the private benefit of the candidate or others. Any campaign fund surplus shall be returned to the contributors or turned over to the State Treasurer as provided by law.

## Commentary:

Section 5C(2) permits a candidate, other than a candidate for appointment, to establish campaign committees to solicit and accept public support and reasonable financial contributions. At the start of the campaign, the candidate must instruct his or her campaign committees to solicit or accept only contributions that are permitted by law and reasonable under the circumstances. Though not

prohibited, campaign contributions of which a judge has knowledge, made by lawyers or others who appear before the judge, may be relevant to disqualification under Section 3E.

Campaign committees established under Section 5C(2) should manage campaign finances responsibly, avoiding deficits that might necessitate post-election fund-raising, to the extent possible.

Section 5C(2) does not prohibit a candidate from initiating an evaluation by a judicial selection commission or bar association, or, subject to the requirements of this Code, from responding to a request for information from any organization.

(3) A candidate for judicial office in a public election may not directly or indirectly solicit or promote the candidate's name to appear in promotions on a political party's ticket or materials paid for by a political party. Except as prohibited by law, a candidate's name, picture or other identifying information may be listed in election material sponsored by a political organization.

**Commentary:**

Election material published by a political organization, such as the League of Women Voters or a bar association, is unobjectionable.

*D. Incumbent Judges.* A judge shall not engage in any political activity except (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law, the legal system or the administration of justice, or (iii) as expressly authorized by law.

**Commentary:**

Neither Section 5D nor any other section of the Code prohibits a judge in the exercise of administrative functions from engaging in planning and other official activities with members of the executive and legislative branches of government. With respect to a judge's activity on behalf of measures to improve the law, the legal system and the administration of justice, see Commentary to Section 4B and Section 4C(1) and its Commentary.

*E. Applicability.* Canon 5 generally applies to all incumbent judges and judicial candidates. A successful candidate, whether or not an incumbent, is subject to judicial discipline for his or her campaign conduct; an unsuccessful candidate who is a lawyer is

subject to lawyer discipline for his or her campaign conduct. A lawyer who is a candidate for judicial office is subject to Rule 8.2(b) of the Arkansas Rules of Professional Conduct.

## APPLICATION OF THE CODE OF JUDICIAL CONDUCT

A. Anyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including an officer such as a magistrate, court commissioner, special master or referee, is a judge within the meaning of this Code. All judges shall comply with this Code except as provided below.

**Commentary:**

The three categories of judicial service in other than a full-time capacity are necessarily defined in general terms because of the widely varying forms of judicial service. For the purposes of this Section, as long as a retired judge is subject to recall the judge is considered to "perform judicial functions." The determination of which category and, accordingly, which specific Code provisions apply to an individual judicial officer, depend upon the facts of the particular judicial service.

*B. Continuing Part-time Judge. A continuing part-time judge:*

(1) is not required to comply:

(a) except while serving as a judge, with Section 3B(9); and

(b) at any time with Sections 4C(2), 4D(3), 4E(1), 4F, 4G, and 4H.

(2) shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

**Commentary:**

When a person who has been a continuing part-time judge is no longer a continuing part-time judge, including a retired judge no longer subject to recall, that person may act as a lawyer in a proceeding in which he or she has served as a judge or in any other proceeding related thereto only with the express consent of all

parties pursuant to Rule 1.12(a) of the Arkansas Rules of Professional Conduct.

*C. Pro Tempore Part-time Judge or Periodic Part-time Judge.*

A pro tempore part-time judge or periodic part-time judge:

(1) is not required to comply:

(a) except while serving as a judge, with Sections 2A, 2B, 3B(9) and 4C(1);

(b) at any time with Sections 2C, 4C(2), 4C(3)(a), 4C(3)(b), 4D(1)(b), 4D(3), 4D(4), 4D(5), 4E, 4F, 4G, 4H, 5A(1), 5A(2), 5B(2) and 5D.

(2) A person who has been a pro tempore part-time judge or periodic part-time judge shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto except as otherwise permitted by Rule 1.12(a) of the Arkansas Rules of Professional Conduct.

**Commentary:**

A full time governmental official who has judicial powers which are exercised infrequently, such as a county judge, is a pro tempore part-time judge.

*D. Time for Compliance.* A person to whom this Code becomes applicable shall comply immediately with all provisions of this Code except Sections 4D(2), 4D(3) and 4E and shall comply with these Sections as soon as reasonably possible and shall do so in any event within the period of one year.

**Commentary:**

If serving as a fiduciary when selected as judge, a new judge may, notwithstanding the prohibitions in Section 4E, continue to serve as fiduciary but only for that period of time necessary to avoid serious adverse consequences to the beneficiary of the fiduciary relationship and in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Section 4D(3), continue in that activity for a reasonable period but in no event longer than one year.